DOCUMENT 2
Case 3:18-cv-00523-WC   Document 1-2   Filed 05/22/18   Page 1 of 8

ELECTRONICALLY FILED
4/11/2018 10:27 AM
43-CV-2018-900206.00
CIRCUIT COURT OF
LEE COUNTY, ALABAMA
MARY B. ROBERSON, CLERK

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| ELIZABETH SWEENEY, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| WELLS FARGO BANK, N.A., a ) | |
| Corporation and Fictitious defendants A-Z ) | |
| are those defendants who caused or are ) | |
| responsible for the harm done to Plaintiff. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff Elizabeth Sweeney (hereinafter "Plaintiff") and files Plaintiff's Complaint against Defendants and states as follows:

### JURISDICTION AND VENUE

1. This is an action brought by a consumer for violations of the Real Estate Settlement Procedures Act[1], 12 U.S.C. § 2605 ("RESPA"), the Truth in Lending Act ("TILA) and state law by the Defendant including an **illegally scheduled foreclosure on April 12, 2018** at 782 Hollon Ave, Auburn, AL 36830.

2. Venue is proper in this Court as Plaintiff resides in this County and all Defendants do business in this County.

### PARTIES

3. The Plaintiff, Elizabeth Sweeney, (hereinafter "Plaintiff"), is a natural person who resides within this County.

---

[1] Any reference the RESPA or TILA or any part thereof encompasses all relevant parts and subparts thereto.

4. Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") in this action is a foreign corporation doing business in this County, and is considered a "servicer" under RESPA.

5. Fictitious defendants A-Z are those defendants who caused or are responsible for the harm done to Plaintiff. Any reference to "Defendant" or "Defendants" or "Defendant Wells Fargo" includes all fictitiously described defendants as well.

## FACTS

6. RESPA applies to Defendants[2] and to the loan at issue in this case.

7. Defendants have refused to provide a proper reinstatement amount to Plaintiff, which Plaintiff is entitled to under the law and under the mortgage – the very document that Defendants are attempting to use to foreclose on Plaintiff.

8. And even the improper and defective reinstatement amount given is inaccurate, thus depriving Plaintiff of Plaintiff's right to reinstate the loan.

9. Defendants have failed to give proper notice of the foreclosure, which is a condition precedent to a non judicial foreclosure.

10. Defendant Wells Fargo has failed to follow the regulations (HUD) that are a condition precedent to acceleration and foreclosure as required by the mortgage.

11. Defendant Wells Fargo refused to properly offer loss mitigation options as required by RESPA.

12. Then, even though Defendant Wells Fargo did not properly offer loss mitigation, Plaintiff requested loss mitigation help and Defendant Wells Fargo denied the request claiming it would not review any such request due to being too close to the foreclosure date.

---

[2] Defendants have acted jointly and as agents for each other such that Plaintiff refers to the Defendants collectively.

13. RESPA does not allow a servicer to hide the loss mitigation and then when caught, refuse to even review it.

14. Defendant Wells Fargo has a <u>pattern and practice</u> of violating RESPA.

15. This is not an oversight on the part of Defendant Wells Fargo but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiff when dealing with an alleged mortgage loan.

16. The actions and inactions of Defendant Wells Fargo violate RESPA as well as state law.

17. As a direct result of the acts complained of against Defendant Wells Fargo, Plaintiff has been caused to suffer, and will continue to suffer great mental anguish, damage to Plaintiff's reputation, economic and emotional damages and claim from Defendant Wells Fargo all damages allowable under the law.

18. All employees and agents of Defendant Wells Fargo acted with the line and scope of their employment and/or agency relationship.

19. Defendant Wells Fargo has refused to apologize to Plaintiff for its misconduct against Plaintiff.

20. There is no right to foreclose and Plaintiff requests this Honorable Court rule that Defendant Wells Fargo has no such right to foreclose on April 12, 2018.

## COUNT I

## VIOLATIONS OF RESPA

21. All paragraphs of this Complaint are incorporated as if fully set forth herein.

22. Defendant Wells Fargo is obligated to properly offer loss mitigation options to Plaintiff before foreclosing.

23. Defendant Wells Fargo refused to do this.

24. Defendant Wells Fargo refused to even review any loss mitigation requests made by Plaintiff.

25. This is one of the numerous violations of RESPA by Defendant Wells Fargo.

26. Defendant Wells Fargo in this case has exhibited a pattern and practice of failing to comply with the Regulations.

27. As a result of this lack of compliance by the Defendant Wells Fargo, it is liable to Plaintiff for actual damages, statutory damages for each violation, costs and attorneys fees.

28. The violations of the law by Defendant Wells Fargo have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery.

## COUNT II

### BREACH OF CONTRACT

29. All paragraphs of this Complaint are incorporated as if fully set forth herein.

30. Defendant Wells Fargo had a contract with Plaintiffs but Defendant Wells Fargo breached any and all contracts with Plaintiff.

31. As a result of Defendant Wells Fargo's breach of contract, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Wells Fargo.

## COUNT III

### DECLARATION THAT FORECLOSURE IS NOT ALLOWABLE

32. All paragraphs of this Complaint are incorporated as if fully set forth herein.

4

33. Because Defendant Wells Fargo has failed to follow the mortgage, the foreclosure should not be allowed to go forward.

34. Defendant Wells Fargo has no right to foreclose.

35. Plaintiff requests a determination that no foreclosure is allowed at this time.

## COUNT IV

## NEGLIGENT AND/OR WANTON CONDUCT

36. All paragraphs of this Complaint are incorporated as if fully set forth herein.

37. Defendant Wells Fargo had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

38. Defendant Wells Fargo had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff when it began to collect against Plaintiff and threaten foreclosure.

39. Defendant Wells Fargo violated all of the duties Defendant Wells Fargo had and such violations were made wantonly.

40. This is especially true as there is not even a contract between Defendant Wells Fargo and Plaintiff.

41. It was foreseeable, and Defendant Wells Fargo did in fact foresee it, the actions of Defendant Wells Fargo would lead and did lead to the exact type of harm suffered by Plaintiff.

## COUNT V

## INVASION OF PRIVACY

42. All paragraphs of this Complaint are incorporated as if fully set forth herein.

43. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Wells Fargo violated Alabama state law as described in this Complaint.

44. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

45. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

46. Defendant Wells Fargo and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

47. Defendant Wells Fargo and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt including threatening to take Plaintiff's property, taking Plaintiff's money and all other wrongful acts which will come to light in discovery, thereby invading and intruding upon Plaintiff's right to privacy.

48. This includes any false credit reporting by Defendants on Plaintiff's credit reports (which was made at all times with malice, wantonness, and/or recklessness), the threats to foreclose, the illegal debt collection, and all other wrongful acts of Defendant Wells Fargo as outlined in this Complaint and as will be proven at trial.

49. The plan and scheme carried out by Defendant Wells Fargo exceeded the bounds of reasonableness that govern the collection of debts, as there is no right to collect this non existent debt and no right to threaten to foreclose.

50. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

51. The conduct of Defendant Wells Fargo and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendant Wells Fargo which occurred in a way that would be highly offensive to a reasonable person in that position.

52. Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Wells Fargo.

53. All invasions of privacy acts of Defendant Wells Fargo and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Wells Fargo is subject to punitive damages as well as nominal and compensatory damages.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiff having set forth Plaintiff's claims for relief against each Defendant, respectfully prays of the Court as follows:

a. That Plaintiff recover against each Defendant a sum to be determined in the form of actual/compensatory damages; nominal damages; punitive damages; and statutory damages;

b. That each Defendant be enjoined from further violations of the law against Plaintiff;

c. This Honorable Court rule that there is no right to foreclose by Defendants;

d. That Plaintiff is awarded reasonable attorney's fees, costs, expenses; and

e. That Plaintiff is awarded such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

/s/John G. Watts
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Attorneys for Plaintiff**

**OF COUNSEL:**
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Please serve Defendant by certified mail at the following address:**

Wells Fargo Bank, N.A.
c/o Corporation Service Company
641 South Lawrence Street
Montgomery, Alabama 36104

8